
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GENESIS INSURANCE COMPANY,<br><br>    Plaintiff-counter-claim-<br>defendant - Appellant,<br><br>  v.<br><br>MAGMA DESIGN AUTOMATION, INC.,<br><br>    Defendant-counter-claim-3rd-<br>party-plaintiff - Appellee,<br><br>  v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY, of Pittsburgh, PA and EXECUTIVE RISK INDEMNITY, INC.,<br><br>    Third-party-defendants -<br>Appellees. | No. 09-15204<br><br>D.C. No. 5:06-cv-05526-JW<br><br><br>MEMORANDUM[*] |
| GENESIS INSURANCE COMPANY,<br><br>    Plaintiff-counter-claim-<br>defendant - Appellee, | No. 09-15297<br><br>D.C. No. 5:06-cv-05526-JW |

---

  [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

MAGMA DESIGN AUTOMATION,
INC.,

        Defendant-counter-claim-3rd-
party-plaintiff - Appellant,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY, of Pittsburgh, PA and
EXECUTIVE RISK INDEMNITY, INC.,

        Third-party-defendants -
Appellees.

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted April 15, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District Judge.[**]

    Appellant and Cross-Appellee Genesis Ins. Co. (Genesis) challenges the

district court's summary judgment in favor of Appellee and Cross-Appellant

Magma Design Automation, Inc. (Magma).  The district court concluded that

---

    [**]    The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

Genesis was at risk to provide coverage for certain post-policy period claims made against Magma and its officers and directors. On cross-appeal, Magma contends that if we determine that Genesis was not at risk to provide coverage, then we should direct the district court to enter a summary judgment concluding that Appellee National Union Fire Ins. Co. of Pittsburgh, PA (National Union) was at risk to provide coverage.

**1.** We do not agree that the notice of circumstances provided to Genesis triggered coverage for the post-policy period claims. The notice did not contain any of the specific information called for in Section 15(c) of the policy and falls short of the types of notice we have upheld as sufficiently specific under similar notice provisions. *See, e.g., Continental Ins. Co. v. Metro-Goldwyn-Mayer, Inc.*, 107 F.3d 1344, 1348 (9th Cir. 1997); *see also Continental Ins. Co. v. The Superior Court of Los Angeles County*, 37 Cal.App.4th 69, 76 (1995). Accordingly, because the notice provided by Magma was not sufficiently specific, it "cannot be regarded as providing the kind of written notice that constitutes an insuring event under the [notice of circumstances] provision." *KPFF, Inc. v. California Union Ins. Co.*, 56 Cal.App.4th 963, 975 (1997) (footnote reference omitted).

3

**2.** Contrary to Magma's assertion, Genesis cannot be charged with constructive notice of any facts it would have discovered had it conducted an investigation. Under California law, an insurer "cannot be charged with constructive notice of circumstances it had no duty to investigate." *Id*. at 978. Because Magma failed to comply with the written notice requirements of the Genesis Policy, no duty to investigate arose. *See id*. at 977-78.

**3.** Genesis did not waive its right to object to the sufficiency of the notice of circumstances provided by Magma. "California courts will find waiver when a party intentionally relinquishes a right, or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991) (citation omitted). In the insurance context, "where waiver has been found, there is generally some element of misconduct by the insurer or detrimental reliance by the insured." *Id*. Magma has not demonstrated that Genesis intentionally relinquished its right to object to the sufficiency of the notice of circumstances, does not allege misconduct, and has failed to provide evidence establishing detrimental reliance. Magma's reliance on California Insurance Code

4

§ 553 is misplaced. That statutory provision has not been applied when assessing the adequacy of a notice of circumstances proffer for a claims-made policy.

**4.** We agree with Genesis that coverage did not extend to the post-policy period claims through the related claims provision. The related claims provision was not intended to provide coverage for post-policy period claims that related to an admittedly uncovered claim.

Accordingly, we reverse the summary judgment entered against Genesis, and vacate the summary judgment to the extent it granted National Union's motion and dismissed Magma's claims against Appellee Executive Risk Indemnity, Inc. We remand this matter to the district court for further proceedings consistent with this disposition.

**REVERSED in part, VACATED in part, AND REMANDED.**