**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GENESIS INSURANCE COMPANY, | No. 11-15800 |
| Plaintiff-Counterclaim Defendant - Appellee, | D.C. No. 5:06-cv-05526-JW |
| v. | |
| MAGMA DESIGN AUTOMATION, INC., | MEMORANDUM[*] |
| Defendant-Counterclaim/Third-party Plaintiff - Appellee, | |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY, of Pittsburgh, PA, | |
| Third-party Defendant - Appellant, | |
| and | |
| EXECUTIVE RISK INDEMNITY, INC., | |
| Third-party Defendant. | |

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted December 7, 2012
San Francisco, California

Before: TROTT and RAWLINSON, Circuit Judges, and BLOCK, District Judge.[**]

The district court held that Genesis Insurance Company ("Genesis") was entitled to coverage under a policy issued by National Union Fire Insurance Company ("National Union") as the equitable subrogee of Magma Design Automation, Inc. ("Magma"). National Union timely appealed the resulting partial judgment in favor of Genesis. Because the district court certified its judgment under Federal Rule of Civil Procedure 54(b), we have jurisdiction. We hold as follows:

1. National Union's policy excluded coverage for any claim "based upon, arising from, or in consequence of any fact, circumstance, situation, transaction, event or Wrongful Act" that had been "the subject of any notice given under any policy" for which National Union's policy was "a direct or indirect renewal or replacement." In context, it is reasonable to interpret "under" to mean "according to." *See Black's Law Dictionary* 1525 (6th ed. 1990); *see also ACS*

_____

[**]The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

2

*Sys., Inc. v. St. Paul Fire and Marine Ins. Co.*, 147 Cal. App. 4th 137, 146 (2007) (explaining that policy terms are generally to be interpreted in "their ordinary and popular sense") (internal quotation marks omitted).

We previously held that Magma's notice to Genesis did not comply with the notice provision of Genesis's policy. *See Genesis Ins. Co. v. Magma Design Automation, Inc.*, 386 F. App'x 728, 730 (9th Cir. 2010). It follows that notice was not given "under" that policy. Therefore, the exclusion does not apply.

2. Coverage under National Union's policy was contingent on exhaustion of the primary coverage provided by Executive Risk Indemnity, Inc. ("ERII"), for the 2004-06 policy period. ERII, however, treated the 2005 lawsuits as claims under Magma's 2003-04 policy. ERII's statement that it would "adjust its records" to reflect exhaustion of the 2004-06 policy was explicitly contingent on a judicial determination that its decision was incorrect.

There has been no such determination. Our prior decision dealt only with notice to Genesis. ERII, by contrast, accepted Magma's notice as adequate. Because Genesis failed to establish that ERII's 2004-06 policy had, as a matter of law, been exhausted, we reverse the district court's partial summary judgment.

3. Our disposition revives National Union's motion to dismiss on other grounds, which the district court denied as moot. We leave it to the district court to

3

address the merits of that motion on remand. Should it deny the motion, it must then determine whether ERII correctly treated the patent-infringement complaint as notice of circumstances that could give rise to a covered claim under its policy.

REVERSED and REMANDED with instructions.