**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| GENESIS INSURANCE COMPANY,<br><br>  Plaintiff-counter-claim-<br>  defendant-Appellee,<br><br>v.<br><br>MAGMA DESIGN AUTOMATION,<br>INC.,<br><br>  Defendant-counter-claim-<br>  3rd-party-plaintiff-<br>  Appellee,<br><br>  v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY, of Pittsburgh, PA,<br><br>  Third-party-defendant-<br>  Appellant,<br><br> and<br><br>EXECUTIVE RISK INDEMNITY, INC.,<br><br>  Third-party-defendant. | No.   15-16999<br><br>D.C. No. 5:06-cv-05526-EJD<br><br>MEMORANDUM[*] |

_____

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted June 16, 2017
San Francisco, California

Before: SCHROEDER, FISHER,[**] and N.R. SMITH, Circuit Judges.

National Union Fire Insurance Company ("National Union") appeals the district court's order granting partial summary judgment in favor of Genesis Insurance Company ("Genesis") and Magma Design Automation, Inc. ("Magma"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**[1] Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *United States v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) (citation omitted). "For the doctrine to apply, the issue in question must have been decided explicitly or by *necessary implication* in the previous disposition." *Id.* (citation omitted).

---

[**] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

[1] Judge Fisher would resolve this first issue on summary judgment, rather than law of the case, grounds.

The issue presented in this case is whether the information Magma provided to Executive Risk Indemnity, Inc. ("ERII") is sufficient to constitute a "notice of circumstances" under ERII's 2003-04 Policy ("2003-04 Policy"). In *Genesis I*, this court held that the information Magma provided to Genesis was not sufficient to constitute a "notice of circumstances." *Genesis Ins. Co. v. Magma Design Automation, Inc.* (*"Genesis I"*), 386 F. App'x 728, 730 (9th Cir. 2010) (mem.). Because Magma provided the same material information to ERII as it provided to Genesis, the law of the case doctrine applies and our prior holding that the information was not sufficient to constitute a "notice of circumstances" is applicable here.

Even if the law of the case doctrine did not apply, the district court properly entered partial summary judgment against National Union when it held that the 2003-04 Policy was not triggered, because no reasonable jury could find that the information Magma provided to ERII was sufficient to constitute a "notice of circumstances" under the terms of the insurance policy. The parties agree that the only information Magma provided to ERII that it did not provide to Genesis was a phone call whereby Magma explained how the patent litigation could morph into a directors and officers lawsuit. However, this "additional information" is not relevant under the "notice of circumstances" provision, because it is not "a

3

description of the Claim [or] circumstances," it does not involve "the nature of the alleged or potential damage," it does not include "the names of all actual or potential claimants," and it does not include "the manner in which [the] Insured first became aware of the Claim [or] circumstances." And even if the information provided during the phone call were relevant, no reasonable jury could find this information constitutes a "notice of circumstances" or corrects the deficiencies of the earlier written information, because the policy requires that a "notice of circumstances" be in writing.

Because we now hold that ERII was not provided a "notice of circumstances" under the 2003-04 Policy, ERII can properly "adjust its records" to reflect exhaustion of its 2004-06 Policy. Since ERII's 2004-06 Policy is deemed exhausted, National Union is now liable for providing first-layer excess insurance coverage pursuant to the National Union 2004-06 Policy. Therefore, Genesis is entitled to recover its $5 million settlement payment from National Union.

**2.** The district court used the correct date of accrual in calculating the prejudgment interest award. California courts have "uniformly . . . interpreted the 'vesting' requirement as being satisfied at the time that the amount of damages become certain or capable of being made certain, not the time liability to pay those amounts is determined." *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 921 (9th

4

Cir. 2009) (listing cases). It is the "*amount* [that] must be vested, not . . . the legal entitlement to that amount." *Id.*

The amount of damages became certain on July 21, 2008, when Genesis made the $5 million payment to the settlement of the securities litigation. Thus, the district court properly held that July 21, 2008, was the date of accrual.

**3.** The district court applied the correct interest rate in calculating the prejudgment interest award. "In the insurance context, [equitable subrogation] permits the paying insurer to be placed in the shoes of the insured and to pursue recovery from third parties responsible to the insured for the loss for which the insurer was liable and paid." *Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 26 Cal. Rptr. 2d 762, 767-68 (Cal. Ct. App. 1994). Equitable subrogation rights are "purely derivative." *State Bar of Cal. v. Statile*, 86 Cal. Rptr. 3d 72, 81 (Cal. Ct. App. 2008).

Because the right to which Genesis has become subrogated is the right to coverage defined by the insurance policy between Magma and National Union, it is a *contractual* right to which Genesis has succeeded and which defines the obligation in question. In contract cases, the applicable rate of prejudgment interest is "10 percent per annum" after the breach. Cal. Civ. Code § 3289(b). Therefore, the district court applied the correct interest rate.

**AFFIRMED.**