**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

AUG 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GENESIS INSURANCE COMPANY,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY, of Pittsburgh, PA,

Defendant-cross-defendant-
Appellee,

MAGMA DESIGN AUTOMATION,
INC.,

Defendant-cross-claimant-
Appellant.

No.    17-17362

D.C. No. 5:06-cv-05526-EJD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted April 16, 2019
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS Chief Judge, M. SMITH, Circuit Judge, and VRATIL,[**] District Judge.

Magma Design Automation, Inc. appeals the district court's grant of summary judgment for National Union Fire Insurance, Co. on Magma's claims for breach of contract and breach of the covenant of good faith and fair dealing. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the district court. Because the parties are familiar with the facts and extensive procedural history, we need not recount it here.

"We review the district court's grant of summary judgment de novo." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law." *Id.*

I

The district court properly granted summary judgment to National Union on Magma's breach of contract claim. Contrary to Magma's assertion, *Genesis III* did not establish as the law of the case that National Union breached its contract or that Magma was damaged as a result. *See Genesis Insurance Co. v. Magma Design*

---

[**] The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

*Automation, Inc.*, 705 F. App'x 505 (9th Cir. 2017) (*Genesis III*). Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990). For the law of the case doctrine to apply, the issue must have been "decided explicitly or by necessary implication in [the] previous disposition." *Id.* (alteration in original) (quotations omitted). The application of the law of the case doctrine is discretionary, and "[a] significant corollary to the doctrine is that dicta have no preclusive effect." *Id.* (citations omitted).

Equitable subrogation and breach of contract claims are two separate causes of action with different tests. "Subrogation is a common law doctrine based in equity," although the right to subrogation derives from the contractual rights of the insured. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 957 (9th Cir. 2013). "In the case of insurance, subrogation takes the form of an insurer's right to be put in the position of the insured in order to pursue recovery from third parties legally responsible to the insured for a loss which the insurer has both

3

insured and paid."[1]  *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 77 Cal. Rptr.

2d 296, 302 (Ct. App. 1998).

*Genesis III* did not establish as the law of the case that National Union

breached its contract.  Instead, the prior *Genesis* decisions affirm that National

Union was liable to Genesis Insurance Company under the theory of equitable

subrogation.  In *Genesis III*, the court did not hold that National Union breached its

contract with Magma, and National Union's breach is not a necessary implication

---

[1]  We agree with the dissent that National Union had a contractual obligation to Genesis, as subrogee of Magma.  However, we disagree that it is necessary, either under *Genesis III* or a theory of equitable subrogation, that National Union breached that contractual obligation. "When an insurer seeks equitable subrogation after it has paid a claim for an insured, the insurer must establish that (1) the insured suffered a loss for which the defendant is liable, *either* (a) because the defendant is a wrongdoer whose act or omission caused the loss *or* (b) because the defendant is legally responsible to the insured for the loss caused by the wrongdoer." *Fireman's Fund Insurance Co. v. Wilshire Film Ventures, Inc.*, 60 Cal. Rptr. 2d 591, 592 (Cal. Ct. App. 1997).  Here, Magma, the insured, incurred liability in the underlying *Synopsys* litigation.  Genesis made a $5 million payment to Magma.  Subsequent litigation determined that National Union was ultimately "legally responsible to the insured for the loss," for which Genesis had already paid.  *Id.*  Therefore, National Union owed Genesis under a theory of equitable subrogation.  A determination that National Union was legally responsible to Genesis, as Magma's subrogee, does not necessarily require or imply that it breached its contractual obligations.  *See Maryland Cas. Co.*, 77 Cal. Rptr. 2d at 302 ("In the case of insurance, subrogation takes the form of [Genesis's] right to be put in the position of [Magma] in order to pursue recovery from [National Union, who was] legally responsible to [Magma] for a loss which [Genesis] has both insured and paid.").

4

of the decision. The court was not considering a breach of contract claim, did not discuss the elements of a breach of contract claim, and did not explain how National Union breached its contract.

## II

The district court also correctly held that Magma was unable to prove damages, entitling National Union to summary judgment on Magma's breach of contract claim. First, Magma was not responsible for any portion of the settlement. Genesis contributed $5 million to the settlement of the claims and National Union repaid Genesis $5 million plus interest. The district court properly found that the "injury" that Magma asserts was hypothetical because Magma ultimately did not pay anything. *See Emerald Bay Cmty. Ass'n v. Golden Eagle Ins. Co.*, 31 Cal. Rptr. 3d 43, 53 (Ct. App. 2005).

Second, Magma's damages claim fails because the asserted damages could not have been proximately caused by National Union's alleged breach.[2] California law provides for breach of contract damages in "the amount which will compensate

---

[2] The dissent asserts that *Genesis III* implicitly established as the law of the case that National Union breached its contract with Magma and asserts that Magma could pursue a claim of special damages from 2013 to 2017. The dissent does not explain how Magma could pursue damages for a breach of contract claim before that breach was established. It is axiomatic that in order for damages to be proximately caused by a breach, the breach must precede the resultant damages.

the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300.

Contrary to Magma's assertions, National Union cannot be liable for Magma's costs and attorneys' fees expended in litigating which policy period was triggered, particularly when Magma's position through *Genesis I* was that the notice of circumstances was sufficient to trigger the 2003-04 policy period, rendering Genesis, not National Union, liable.

Magma's argument that National Union's coverage obligation was apparent by no later than *Genesis I* is not persuasive. *Genesis Ins. Co. v. Magma Design Automation, Inc.*, 386 Fed. App'x 728 (9th Cir. 2010) (*Genesis I*). Magma's argument is undercut by both *Genesis II* and *Genesis III*. In *Genesis II*, the panel held that there had been no judicial determination that ERII's 2004-06 policy was exhausted and therefore National Union could not have been liable by the very terms of its contract because it required the primary insurer's policy to be exhausted before triggering its duty to provide coverage. *Genesis Ins. Co. v. Magma Design Automation, Inc.*, 506 F. App'x 679, 680 (9th Cir. 2013) (*Genesis II*). In *Genesis III*, National Union's liability was established for the first time. The court's use of the word "now" is telling: "National Union is *now* liable for

6

providing first-layer excess insurance coverage pursuant to the National Union 2004-06 Policy."  705 F. App'x at 507 (emphasis added).

Magma's breach of contract claim fails because Magma was not liable for any portion of the settlement and National Union's alleged breach was not the proximate cause of Magma's asserted damages.

## III

The district court did not err in granting summary judgment on the claim of breach of the covenant of good faith and fair dealing.  Magma argues that National Union violated the covenant by litigating coverage.  National Union's dispute over its coverage liability, however, is protected under the "genuine dispute" doctrine. *Century Sur. Co. v. Polisso*, 43 Cal. Rptr. 3d 468, 487 (Ct. App. 2006) (the genuine dispute doctrine holds "an insurer does not act in bad faith when it mistakenly withholds policy benefits, if the mistake is reasonable or is based on a legitimate dispute as to the insurer's liability."); *CalFarm Ins. Co. v. Krusiewicz*, 31 Cal. Rptr. 3d 619, 629 (Ct. App. 2005) (finding no bad faith in denial of coverage to indemnify where there was a "mistaken or erroneous withholding of policy benefits, if reasonable or if based on a  legitimate dispute as to the insurer's liability." (internal quotations and alterations omitted)).

**AFFIRMED.**

7

*Magma Design Automation, Inc. v. National Union Fire Insurance*, No. 17-17362

VRATIL, District Judge, dissenting:

I respectfully dissent.

First, I would hold that the district court erred in granting summary judgment to National Union on the ground that as a matter of law, National Union did not breach its contract with Magma and the law of the case did not establish otherwise. *Genesis III* held that Genesis was entitled to recover on its equitable subrogation claim against National Union. *Genesis Ins. Co. v. Magma Design Automation, Inc.*, 705 F. App'x 505, 507 (9th Cir. 2017) (*Genesis III*). In so holding, this Court emphasized that Genesis had succeeded to a *contractual* right, *i.e.* Magma's right to recover under its insurance policy with National Union. *Id.* at 507-08. With the majority, I hold that *Genesis III* establishes the law of the case. We reach opposite conclusions because in my reading, *Genesis III* necessarily holds (albeit implicitly) that National Union had breached its contractual obligations to Magma. *See id.* If National Union had no contractual obligation to Magma, or if it had previously discharged those obligations, any right of subrogation would have been illusory. *See Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 77 Cal. Rptr. 2d 296, 302-03 (Cal. Ct. App. 1998) (that insured suffered loss for which defendant is liable is essential element of equitable subrogation). While I agree that breach of contract is not technically an element of

1

equitable subrogation under California law, *see Essex Ins. Co. v. Heck*, 112 Cal. Rptr. 3d 915, 922-23 (Cal. Ct. App. 2010), I cannot discern a theory on which Genesis would be entitled to equitable subrogation and awarded pre-judgment interest as of July 21, 2008, absent an underlying breach of contract by National Union. *See Genesis III*, 705 F. App'x at 507 (date Genesis paid $5 million to settlement, *i.e.* July 21, 2008, proper accrual date for prejudgment interest).

Next, I would hold that the district court erred in granting summary judgment to National Union on the ground that Magma could not prove damages for breach of contract. Under National Union's contract of insurance, the event which triggered liability occurred in 2013, at the latest, when ERII adjusted its books to reflect coverage under the 2004-2006 policy period. That date, not the date of *Genesis III*, established National Union's obligation. Under California law, Magma was entitled to claim special damages for breach of contract, *i.e.* damages that did not arise directly and inevitably from the breach but were actually foreseen or reasonably foreseeable when the contract was formed. *See* Cal. Civ. Code § 3360; *see also Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 22 Cal. Rptr. 3d 340, 346 (2004). Throughout the protracted litigation of this dispute, one point of agreement has withstood assault: that if the underlying *Synopsys* actions did not arise under the Genesis coverage period (2003-2004), they arose under the National Union coverage period (2004-2006). It was one or the other,

2

and all parties well understood that fact. National Union either knew or had reason to know that its refusal to pay policy benefits between 2013 and 2017 would likely cause Magma to incur litigation expenses with Genesis. Why? Because when Genesis advanced funds to settle the underlying *Synopsys* litigation, it reserved rights of recourse against Magma. In fact, it sued Magma to recoup the money which it had advanced, and all the while, National Union was denying liability and litigating its obligations under the policy. *See Genesis Ins. Co. v. Magma Design Automation, Inc.*, No. C 06-5526-JW, 2010 WL 11485114, at *1 (N.D. Cal. Dec. 20, 2010), *rev'd in part*, 506 F. App'x 679 (9th Cir. 2013) (*Genesis II*). Magma incurred litigation costs and attorneys' fees in defense of the litigation with Magma, and National Union has not shown that as a matter of undisputed fact it did not foresee and could not have foreseen such damages.

Finally, in my view, the district court erred in granting summary judgment to National Union on Magma's claim for breach of the covenant of good faith and fair dealing. *See Restatement (Second) of Contracts* § 205 (1981); *see also Jonathan Neil & Assoc., Inc. v. Jones*, 16 Cal. Rptr. 3d 849, 864-65 (2004), *as modified* (Oct. 20, 2004) (citations omitted). The majority holds that National Union withheld benefits because of mistake or legitimate coverage disputes, but on this record, I am unconvinced. National Union's intent is a genuine issue of material fact in this case; it cannot be resolved through summary judgment. As of

3

*Genesis I*, which this Court decided on July 12, 2010—because ERII and Genesis had received the exact same "Notice of Circumstances"—all parties had notice that the 2004-2006 coverage period might apply. *Genesis Ins. Co. v. Magma Design Automation, Inc.*, 386 Fed. App'x 728 (9th Cir. 2010) (*Genesis I*). At a hearing in district court on August 16, 2013, Genesis reported that in fact, ERII had adjusted its records to reflect that 2004-2006 was the underlying period. *Genesis Ins. Co. v. Magma Design Automation, Inc.*, No. 06-5526-EJD, 2013 WL 6490149, at *5 (N.D. Cal. Dec. 5, 2013). National Union protested, continued to deny coverage and persisted in litigating that issue for four additional years, until this Court decided *Genesis III* on July 7, 2017. I cannot agree that as a matter of law, National Union's conduct over that four-year period entitles it to summary judgment under California law on good faith and fair dealing.